**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ZEESHAN QURESHI,<br>12000 Brice House Court<br>Lake Ridge, Virginia 22192<br><br>          Plaintiff,<br><br>     v.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC.,<br>308 S. Hartman Drive<br>Lebanon, Tennessee 37087<br><br>     SERVE:   CT Corporation System<br>                    Registered Agent<br>                    4701 Cox Road, Suite 285<br>                    Glen Allen, VA 23060-6808<br><br>          Defendant. | Case No. _____ |

## COMPLAINT

COMES NOW the Plaintiff, Zeeshan Qureshi, by and through his undersigned counsel, and hereby requests judgment be entered against the Defendant, Cracker Barrel Old Country Store, Inc., for the reasons and in the amounts described herein:

## NATURE OF ACTION

1. This is an action brought by Plaintiff against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* as amended, for discrimination and retaliation.

## PARTIES

2. Plaintiff, Zeeshan Qureshi ("Plaintiff" or "Qureshi"), is an adult resident of the Commonwealth of Virginia.

3. Defendant, Cracker Barrel Old Country Store, Inc, ("Defendant" or "Cracker Barrel"), is a corporation formed under the laws of the State of Tennessee, authorized to do business in the Commonwealth of Virginia, with a principal office located at 305 S. Hartmann Dr, Lebanon, Tennessee, and operating a restaurant located at 17115 Dumfries Rd., Dumfries, Virginia.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

5. Plaintiff timely filed a Charge of Discrimination (the "Charge") against Cracker Barrel with the Equal Employment Opportunity Commission (the "EEOC").

6. On or about May 12, 2021, the EEOC transferred the Charge to the Prince William County Human Rights Commission (the "PWHRC").

7. On February 4, 2022, the PWHRC issued a determination that probable cause existed to sustain Plaintiff's allegations that Defendant unlawfully retaliated against Plaintiff.

8. On or about May 24, 2022, the PWHRC closed its file regarding Plaintiff's Charge against Defendant.

9. The EEOC issued Plaintiff a Right to Sue letter on or about October 3, 2022, which Plaintiff received shortly thereafter.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Eastern District of Virginia is where Defendant conducts business.

## FACTUAL ALLEGATIONS

11. Qureshi is Asian, of Pakistani decent, and a devout Muslim.

12. Cracker Barrel hired Qureshi in August 2019 as an associate manager at its restaurant located in Dumfries, Virginia.

13. During his employment, Qureshi had three performance evaluations and received ratings between "Role Model" and "Exceeds Standards."

14. During his employment, Qureshi was subjected to derogatory remarks made by the general manager, Hess ("GM Hess"), and another associate manager, Mock ("AM Mock"), about non-American, non-White groups, including African Americans, Asians, Hispanics, and Muslims.

15. Qureshi heard these managers making comments such as, "That's why it was so hard when 9/11 (September 9, 2001) happened. They (Muslims) could have terrorists living next door, and they won't say anything."

16. GM Hess told AM Mock that Qureshi "sucks" at his job because he protected a subordinate employee who was Muslim.

17. During his employment, GM Hess also pointed out Muslim individuals and other individuals from the Middle East, telling Qureshi that they are "his peoples."

18. On two occasions, Qureshi complained about the comments to the district manager.

19. On the first occasion, Qureshi was told to confront GM Hess.

20. On the second occasion, Qureshi was told to make an internal complaint.

21. On or about August 18, 2020, Qureshi contacted Employee Relations and complained that GM Hess and AM Mock made derogatory comments about Muslims and non-white races and about Qureshi's work performance in connection with his being Muslim.

22. After Qureshi made the complaint, GM Hess conducted manager meetings without him and scheduled him for longer shifts.

23. On or about September 15, 2020, Cracker Barrel concluded its investigation into Qureshi's complaint. The company said it did not find discrimination.

24. On or about September 29, 2020, AM Mock, who had worked the closing shift, claimed that a sticky substance, presumably syrup, had been poured and spread in different areas of the dining rooms.

25. AM Mock claimed that she reviewed the surveillance video of the kitchen from the opening shift and saw Qureshi putting syrup into a cup at two different times.

26. This is not unusual, as Qureshi regularly puts syrup in his coffee.

27. AM Mock reported the syrup incident and her review of the video to management and Field Human Resources. The suggestion was that Qureshi had spread syrup on the floors and furniture of the restaurant.

28. Cracker Barrel began an "investigation" into the allegations against Qureshi regarding the syrup.

29. On October 4, 2020, Cracker Barrel's Field Human Resources office informed Loss Prevention that Cracker Barrel was going to terminate Qureshi's employment.

30. On or about October 5, 2020, Loss Prevention interviewed Qureshi, and he denied pouring syrup around the dining room.

31. On or about October 5, 2020, Cracker Barrel terminated Qureshi's employment citing an Asset Protection violation, ostensibly, the allegation that he poured syrup around the restaurant.

32. Upon information and belief there were no other interviews conducted as to the incident.

33. The investigation was pretextual. The decision to terminate was made prior to the investigator's interview of Qureshi and before any real investigation was completed. On the other hand, the decision to terminate was based on a contrived report of Qureshi violating policy on a date just two weeks after Cracker Barrel rejected Qureshi's claim of discrimination. The temporal proximity of the end of the initial investigation, and the contrived event used to justify termination, suggests retaliation was the actual reason for termination.

## COUNT I
### (Hostile Work Environment - Race, Religion, National Origin)

34. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Allegations section as if fully set forth herein.

35. GM Hess and AM Mock's derogatory remarks about Muslims, non-White groups, and Mr. Qureshi's work performance, as well as excluding him from managerial meetings and scheduling him for longer shifts after he complained about discrimination, all served to create a hostile work environment for Mr. Qureshi, thereby affecting the conditions of his employment in a severe and pervasive manner.

36. As such, Cracker Barrell is liable for violations of Mr. Qureshi's rights under Title VII.

37. As a result of Defendant's discrimination, Plaintiff suffered, and continues to suffer, embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

## COUNT II
**(Discriminatory Termination - Race, Religion, National Origin)**

38. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Allegations section as if fully set forth herein.

39. Plaintiff was a member of classes protected by Title VII of the Civil Rights Act of 1964, that is, Asian, Pakistani, and Muslim.

40. Plaintiff demonstrated his satisfactory job performance by the fact that he received exemplary performance reviews during his employment for Defendant.

41. Defendant demonstrated its hostility toward Plaintiff's race, national origin, and religion by tolerating the negative comments made against him and others.

42. Defendant took an adverse employment action when it terminated Plaintiff's employment on October 5, 2020.

43. Defendant terminated Plaintiff because he was Asian, Pakistani, and/or Muslim.

44. As a result of Defendant's actions, Plaintiff has suffered, and continues to suffer, embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

## COUNT III
**(Retaliatory Termination for Making Discrimination Complaint)**

45. Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Allegations section as if fully set forth herein.

46. Plaintiff was a member of classes protected by Title VII of the Civil Rights Act of 1964, that is, Asian, Pakistani, and Muslim.

47. Plaintiff engaged in protected activity under Title VII when he reported to Employee Relations complaints that his supervisor and co-manager made derogatory comments about non-American, non-White groups, including, African Americans, Asians, Hispanics, and Muslims; and accused Plaintiff of being bad at his job because he helped other Muslim employees.

48. Two weeks after the investigation into Plaintiff's complaint concluded, Plaintiff suffered an adverse employment action when he was terminated, in response to his complaints.

49. Defendant's justification for termination was pretextual as the decision to terminate Plaintiff was made before Plaintiff was even interviewed in the "investigation."

50. Defendant's pretext is additional proof of retaliation.

51. At the time of his termination, Plaintiff was qualified to perform his job and was meeting Defendant's legitimate business expectations.

52. As a result of Defendant's actions, Plaintiff has suffered and continues to suffer embarrassment, emotional distress, loss of self-esteem, anxiety, and past and future wage loss.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Zeeshan Qureshi, demands judgment against the Defendant, Cracker Barrel Old Country Store, Inc. as follows:

(a) Wage loss in excess of $200,000.00 or in an amount to be proven at trial;

(b) $300,000.00 in compensatory damages for violations of the Title VII;

(c) $300,000.00 in punitive damages for violations of the Title VII;

(d) Plaintiff's attorneys' fees and court costs as provided by Title VII;

(e) Pre- and post-judgment interest; and

(f) All other further relief that this Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues raised herein.

Respectfully submitted,

__/s/JohnCCook/_____
John C. Cook, VA Bar #38310
Maria E. Stickrath, VA Bar #96191
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030
(703) 865-7480 (office)
(703) 434-3510 (fax)
jcook@cookcraig.com
pkrone@cookcraig.com
*Counsel for Plaintiff*